NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-124-KKC

JORDAN K'AKI ROTHWELL                                      PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

BARRY HARMON, ET AL.                                      DEFENDANTS

**** **** **** **** ****

Jordan K'aki Rothwell was incarcerated in the Boyle County Detention Center ("BCDC"), in Danville, Kentucky, when he submitted a *pro se* Complaint complaining of certain conditions in his confinement. He also filed a Motion to Proceed in this case *in forma pauperis*, which the Court has granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening, as with all pleadings submitted by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

CLAIMS

Plaintiff complains of a medical problem which arose and has been ignored during his confinement at the BCDC.  He specifically claims that he brings this suit under Kentucky Revised Statute ("KRS") § 441.045 and 42 U.S.C. § 1983.

DEFENDANTS

As the Defendants, the Plaintiff has named the following, all at the Boyle County Detention Center ("BCDC"):  (1) Jailer Barry Harm; (2) Nurse Tammy Gilliand Wilson; (3) Nurse Brenda Rousey; (4) Nurse Angie Green; and (5) Dr. Craig Enlow.  Capacity is not mentioned.

RELIEF REQUESTED

Plaintiff seeks injunctive relief and damages, including punitive damages.

ALLEGATIONS

The following is a summary or construction of the factual allegations contained in Rothwell's Complaint [Record No. 2].

Plaintiff states that he was a county prisoner incarcerated in the BCDC in 2004, when he suffered an injury.  At that time, Defendant Wilson was the nurse and the doctor was Defendant Enlow.  Plaintiff alleges that Enlow "mis-diagnosed [him] as having a muscle spasm, . . . when it was clear I had a torn muscle."  The prisoner claims that because of the doctor's mistake, he has been unable to obtain treatment and the pain has persisted.

Forward to some unidentified time in 2007, when Rothwell is put into the BCDC again, this time as a state prisoner serving a 3-year sentence.  The current nurses are Rousey and Green, but the doctor is still Enlow.  When Plaintiff saw Dr. Enlow again, the doctor purportedly confirmed that the Plaintiff had, indeed, suffered a torn muscle.  "Dr. Enlow now says I 'need surgery,' but since

2

I was a county inmate at the time there was nothing he could do."

Besides damages, Plaintiff seeks surgery or "some type of treatment – but I'm ignored."  He claims to have filed a Kentucky Department of Corrections grievance "Form 006003" on February 21, 2008, but as of the date upon which he signed the complaint, February 29, 2008, no action had been taken.  He also claims that he filed a BCDC grievance, but does not state the date thereof.  Plaintiff alleges only that no action was taken and that he was put in isolation.

A change of address notice reveals that Rothwell was moved from the BCDC to his current location, the Breckinridge County Detention Center, in Hardinsburg, Kentucky, on April 10, 2008.

DISCUSSION

To establish a right to relief under 42 U.S.C. § 1983, the Plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of his federal rights, *i.e.*, rights secured by the Constitution or laws of the United States.  Second, he must show that the Defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6ᵗʰ Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

Plaintiff writes that he knows that  jail and State corrections staff can be acting "under color of state law" for satisfying the latter of Section 1983's requirements, and he is correct.  However, he has failed to allege the first of the above-stated requirements.  He does not allege that any of the Defendants violated his rights under the U.S. Constitution or a federal statute or treaty.

To the extent that the *pro se* Plaintiff is entitled to liberal construction, the Court construes his Complaint as presenting a claim that the Defendants have let him suffer in violation of the Eighth Amendment prohibition against to cruel and unusual punishment.  The Supreme Court has held that

3

"[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Therefore, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id.*

Such a claim has both a subjective and an objective component. *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir.2001).  To satisfy the objective component the plaintiff must allege a "sufficiently serious" medical need. *Id.* at 703.  "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk," so as to cause undue suffering to the prisoner.  *Id.*

The instant Plaintiff does not allege that any of the five (5) named Defendants were deliberately indifferent to his plight.  As to Dr. Enlow, Rothwell alleges only that in 2004, the doctor made a mistake, a mis-diagnosis.  While this may be actionable as negligence, a state tort on which this Court offers no opinion, a plaintiff must show more than medical malpractice and negligence to state a Section 1983 federal claim.  In 2007, the Plaintiff alleges, Enlow admitted his earlier mistake, was sympathetic, and prescribed medication for pain.

To allege the Eighth Amendment requisite of the subjective requisite, "deliberate indifference," a state official must know "of  the serious medical need . . .  [but] possessed 'a sufficiently culpable state of mind in denying the medical care.' *Perez v. Oakland County,* 466 F.3d 416, 423 (6th Cir.2006) (citation omitted).  Liability only attaches when the plaintiff "demonstrate[s] deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir.1994) (citation omitted)

"Without a showing of deliberate indifference, claims of negligence or malpractice cannot sustain an Eighth Amendment claim." *Perez*, 466 F.3d at 423.   The plaintiff making an Eighth Amendment claim must show more than medical malpractice and negligence because the subjective requirement acts to prevent the constitutionalization of medical malpractice claims. *Comstock*, 273 F.3d at 703.   Allegations of negligent diagnosis and treatment simply are not cognizable under Section 1983. *Estelle*, 429 U.S. at 106; *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989).

Thus, even if the Court assumes that the instant Plaintiff's torn muscle is painful and serious, he has failed to allege acts by Enlow which evidence that the doctor was deliberately indifferent to that injury and/or pain in either 2004 or 2007.   Further, Rothwell gives absolutely no information about the other four (4) Defendants.   The names of Harmon, Wilson, Rousey, and Green appear only in the first section of the complaint form asking for the names of the Defendants.   These persons are not mentioned again.   In short, Rothwell has failed to set forth the factual basis of his  claim in a manner that gives the Defendants proper notice of their purported illegal actions and does not require either these Defendants or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.   But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).   Conclusory statements are insufficient under Section 1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945

5

(1987)).

With regard to the Plaintiff's second claim, under a Kentucky statute, he is informed that the trial court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as Section 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). If the federal claims against the Defendants should be dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994). As the instant Plaintiff has no federal cause of action herein, this Court will exercise its discretion to dismiss his pendent state law claims.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, for Rothwell's failure to state a claim, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 28th day of May, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**